DAVENPORT v INGHAM CIRCUIT JUDGES

OPINION OF THE COURT

1. CRIMINAL LAW—ASSIGNMENT OF CASES—GENERAL COURT RULE—LOCAL COURT RULE.

> The reassignment, pursuant to a local court rule which has not been approved by the Supreme Court, of a criminal defendant's case, after he has entered a plea of not guilty, from the judge to which it was assigned by lot to a judge in the circuit before whom another criminal charge against the defendant is pending, is improper because the reassignment does not comply with the controlling general court rule which requires that, except in pleas of guilty, criminal cases shall be assigned by lot to one of the judges of a multijudge circuit (GCR 1963, 925.5[1]).

2. COURTS—COURT RULES—ORAL-LOCAL COURT RULES.

> Oral-local court rules are neither provided for nor permitted by any provision of the General Court Rules.

3. CRIMINAL LAW—ASSIGNMENT OF CASES—GENERAL COURT RULE—LOCAL COURT RULE.

> The general court rule governing the assignment of criminal cases in multijudge circuit courts controls even though the circuit judges have informally adopted and followed an oral-local court rule concerning criminal assignments where the local rule has not been approved by the Supreme Court (GCR 1963, 925.5[1], 925.5[5]).

DISSENT BY V. J. BRENNAN, J.

4. CRIMINAL LAW—ASSIGNMENT OF CASES—LOCAL COURT RULE.

> *A local court rule providing for the reassignment of a criminal defendant's case from one judge to another before whom another criminal charge against the defendant is pending is not only expedient but also highly advisable and should be encouraged.*

REFERENCE FOR POINTS IN HEADNOTES

[1–5] 20 Am Jur 2d, Courts § 82 *et seq.*

5. CRIMINAL LAW—ASSIGNMENT OF CASES—GENERAL COURT RULE—
LOCAL COURT RULE.

> *The general court rule governing the assignment of criminal
> cases in multijudge circuit courts should not be deemed to
> control and override a local court rule providing for the reas-
> signment of a criminal defendant's case from one judge in the
> circuit to another before whom another criminal charge against
> the defendant is pending because the local court rule should be
> encouraged and because a strict interpretation to the general
> court rule is not mandated (GCR 1963, 925.5[1]).*

Original action in the Court of Appeals. Submit-
ted Division 2 March 28, 1972, at Lansing. (Docket
No. 13669.) Decided May 26, 1972.

Complaint by Theodore Davenport seeking an
order of superintending control directing the Ing-
ham County Circuit Judges to refrain from reas-
signing his case pursuant to an oral-local court
rule. Order of superintending control granted.

*H. James Starr,* for plaintiff.

*Raymond L. Scodeller,* Ingham County Prosecut-
ing Attorney, *James R. Ramsey,* Assistant Prose-
cuting Attorney, and *Michael G. Harrison,* Ingham
County Corporation Counsel, for defendants.

Before: LESINSKI, C. J., and LEVIN and V. J.
BRENNAN, JJ.

LESINSKI, C. J. Plaintiff is charged with felonious
assault. MCLA 750.82; MSA 28.277. He was bound
over to Ingham County Circuit Court for trial. The
case was assigned by lot to Judge Sam Street
Hughes as provided by GCR 1963, 925.5(1). Plain-
tiff was arraigned before Judge Hughes and
pleaded not guilty. Shortly thereafter, counsel for
plaintiff was notified that the case had been reas-
signed to Judge Jack W. Warren for the reason

that Judge Warren was, at that time, handling a previous case involving a separate criminal charge against the plaintiff.

Plaintiff filed objections to the reassignment, claiming that such action did not comply with the provisions of GCR 1963, 925.5(1). Judge Hughes overruled plaintiff's objection and ordered the reassignment of the case to Judge Warren. Plaintiff seeks an order of superintending control directing the trial court to refrain from reassigning the case from Judge Hughes to Judge Warren.

GCR 1963, 925.5 governs the assignment of cases in multijudge courts. Subparagraph 925.5(1) provides in pertinent part:

"(1) Each civil action shall be assigned to one of the judges of the circuit at the time of its commencement. Such assignment shall be made by lot and in such manner as to result, as nearly as possible, in each judge of the circuit receiving an equal number of actions from each of the following classifications: automobile negligence, domestic relations, and other general civil. Criminal actions may be assigned in the same manner as civil actions, or may be brought before the presiding judge for arraignment. If brought before the presiding judge and a plea of guilty is entered, the presiding judge shall retain the action; and *if a plea of not guilty is entered, the presiding judge shall forthwith assign the action by lot to one of the judges of the circuit.*" (Emphasis supplied.)

Clearly, the reassignment of plaintiff's case in the manner described above does not comply with the provisions of GCR 1963, 925.5(1) which require that, except in pleas of guilty, criminal cases shall be assigned *by lot* to one of the judges of the circuit.

In his written opinion overruling plaintiff's objections, Judge Hughes recognizes that GCR 1963,

925.5(1) governs the assignment of criminal cases
in the absence of a local rule. He states, however,
that the Ingham County Circuit Court has had an
"oral-local court rule" since about January 1,
1963, which obviates the necessity of assignments
of criminal cases to the judges of the circuit by lot.
Judge Hughes states in his opinion:

"Local practice has been that a defendant who is
before a judge on a criminal matter and is assigned to
another judge on a separate criminal matter, his second
case, is reassigned to the original judge, so that both
cases are before the same judge."

"Oral-local" court rules are neither provided for
nor permitted by any provision of the General
Court Rules. Obviously, the "oral-local" court rule
which is referred to by Judge Hughes in his opin-
ion is nothing more than a local practice which
has been informally adopted and followed by the
judges of the circuit. Clearly, such local practice
does not have sufficient stature to circumvent the
provisions of GCR 1963, 925.5(1), quoted above.
That rule applies in all judicial circuits except
where it has been replaced by a local court rule
which has been approved by the Supreme Court.
In this respect, GCR 1963, 925.5(5) relates to the
above-quoted subrule and provides:

"(5) This rule shall be inoperative as to any judicial
circuit at such time as it shall be replaced by a local
rule of that circuit which has been approved by the
Supreme Court."

The Ingham County Circuit Court has not
adopted or promulgated any local rule replacing
GCR 1963, 925.5(1) and no such local rule has been
approved by the Supreme Court. It is therefore
apparent that, as of this time, the General Court
Rule is still controlling in Ingham County Circuit

Court. It is further apparent that the practice in Ingham County Circuit Court under the so-called "oral-local" court rule is in conflict with GCR 1963, 925.5(1).

The people's case against plaintiff was improperly reassigned to Judge Warren. The order of superintending control is granted. It is ordered that the Ingham County Circuit Court refrain from assigning plaintiff's case from Judge Hughes to Judge Warren or, in the event that the case has already been assigned to Judge Warren, that it be reassigned to Judge Hughes.

LEVIN, J., concurred.

V. J. BRENNAN, J. *(dissenting)*. I would dissent from my colleagues' position. It is not only expedient but also highly advisable where there are multiple charges against one defendant that one judge be allowed to handle both or all criminal charges. It provides the trial judge with a more complete understanding of defendant's activities and, in fact, is an advantage to the defendant. His case or cases then become reviewable by one judge who has the total picture and background from which to make a judgment either as to possible probation, jail time or, in the future, if necessary, recommendations for parole board decisions.

This local rule governing multiple charges is laudatory and should be encouraged. I do not feel that strict interpretation of GCR 1963, 925.5(1) in this case was or is mandated.

I would approve of the trial court's actions here.